UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:03CR231 (PCD) |
| | : | |
| v. | : | |
| | : | |
| QUINTO MAPP | : | February 28, 2008 |
| | : | |

**GOVERNMENT'S NOTICE REGARDING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. §3582(c)**

On April 22, 2004, the defendant, Quinto Mapp, was sentenced to 54 months' incarceration. The defense is due to be released from incarceration on June 3, 2008. Although the defendant has not yet sought relief based upon the changes to the crack cocaine guidelines which were passed by the Sentencing Commission on November 1, 2007, he does appear to qualify for a reduction. For the reasons set forth herein, the Government respectfully submits that, on March 3, 2008, the date when the November 1, 2007 amendment becomes retroactive, the Court may choose to issue an amended judgment and impose a reduced sentence of 45 months (time served), which accounts for the two-level reduction in the crack cocaine guidelines, and which will result in the defendant's release from imprisonment. While the Court may issue the an amended judgment effective March 3, 2008, the Bureau of Prisons requests a ten day stay after the entry of an amended judgment before an inmate is released in order to permit the Bureau of Prisons to comply with certain statutory and public safety obligations.

**BACKGROUND**

On August 14, 2003, a federal grand jury sitting in New Haven returned an Indictment against the defendant charging him with one count of knowingly and intentionally possessing

with the intent to distribute five grams or more of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. 841(a)(1), 841(b)(1)(B)(iii).  He was released on bond.[1]  On December 2, 2003, the defendant entered a guilty plea to the Indictment pursuant to a written plea agreement.  In the plea agreement, the parties stipulated that the quantity of cocaine base attributable to the defendant was between 20 and 35 grams.  The parties did not stipulate as to the defendant's criminal history score.  The Government indicated that it would recommend a three-level reduction for acceptance of responsibility.  The defendant waived his right to appeal or collaterally attack any sentence of 105 months or less, regardless of how the court reached such a sentence.  Finally, at the plea proceeding, the government stated, as part of its factual basis, that on December 18, 2002, a DEA Task Force Agent executed search warrants for Quinto Mapp's person and residence.  As a result of these searches, Quinto Mapp was found to be in possession of 32.35 grams of cocaine base, a distribution-size quantity of cocaine base.

The Pre-Sentence Report ("PSR") concluded that the defendant's base offense level was 28 by virtue of its finding that 32.4 grams of cocaine base was attributable to his conduct.  See PSR ¶ 9, 14.  The PSR then subtracted three levels for acceptance of responsibility.  See PSR ¶ 20.  The PSR also concluded that the defendant had accumulated ten criminal history points.  See PSR ¶¶ 23-29.  As a result, the PSR placed the defendant in Criminal History Category V and at

---

[1] The defendant complied with the conditions of release with the exception of an incident approximately 19 days prior to sentencing.  According to a violation report from the Pretrial Services Office, Mapp's car was involved in a police chase with an East Hartford police officer.  The chase occurred after an officer approached the stopped vehicle on foot and the driver backed up, then sped away.  The officer re-entered his vehicle and gave chase, ultimately breaking off the chase in the interest of public safety.  The officer who approached the car on foot and had seen the driver, later identified Mapp from a driver's license photo as the driver of the vehicle.  Although Pretrial Services provided the violation report prior to sentencing, Mapp was permitted to self-surrender for his sentence.

a guideline incarceration range of 100-125 months.  See PSR ¶ 47.

On April 22, 2004, this Court imposed a term of incarceration of 54 months.  In doing so, the Court found that the applicable sentencing guideline range was 100-125 months' incarceration, based on an adjusted offense level of 25 and a Criminal History Category of V.  The Court then granted the Government's motion for a downward departure and imposed a sentence of 54 months.  The 46 month departure below the guideline range amounted to a 46% reduction below the bottom of the 100-125 month guideline range.

**DISCUSSION**

On November 1, 2007, the Sentencing Commission amended the cocaine base guidelines provided for under U.S.S.G. § 2D1.1(c).  The amendment in question is Amendment 706, effective November 1, 2007, which reduced the base offense level for most crack cocaine offenses.[2]  In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses.  The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses.  See U.S.S.G., Supplement to App. C, Amend. 706.  Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence.  Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams.

In Mr. Quinto Mapp's case, the two-level reduction results in an adjusted offense level of 26 and a guideline incarceration range of 84-105 months. At sentencing, the Court imposed a term of incarceration of 54 months, which was a departure under the guidelines and amounted to a 46 month reduction (46%) below the bottom of the guideline range applicable at the time. It would appear that, applying the November 1, 2007 amendment, the new guideline range is 84-105 months.

In authorizing a reduced sentence based on a retroactive amendment to a guideline, the Sentencing Commission stated: "If the original term of imprisonment was less than the term of

imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate. . . ." U.S.S.G. § 1B1.10(b)(2)(B) app. note 3.  The application note provides an instructive example:

> For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (2) the defendant's original term of imprisonment imposed was 56 months (representing a downward departure of 20 percent below the minimum term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing); and (3) the amended guideline range determined under subsection (b)(1) is 57 to 71 months, a reduction to a term of imprisonment of 46 months (representing a reduction of approximately 20 percent below the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)) would amount to a comparable reduction and may be appropriate.

§ 1B1.10, comment. (n. 3).

Here, the bottom of the original guideline range was 100 months, and the Court imposed a sentence of 54 months.  Thus, the reduction authorized by the Sentencing Commission is 46% below the new guideline minimum of 84 months, which is a term of 45 months.

On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008.  Accordingly, this Court is without authority to reduce a sentence prior to that date. Congress has delegated to the Sentencing Commission the sole authority to permit the retroactive application of a guideline reduction, and no court may alter an otherwise final sentence on the basis of such a retroactive guideline unless the Sentencing Commission expressly permits it. See, e.g., United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997); United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996); United States v. Dullen, 15 F.3d 68, 70-71 (6th

Cir. 1994); Ebbole v. United States, 8 F.3d 530, 539 (7th Cir. 1993); United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir. 1997); United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993); United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993); United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003); see also Pierre Louie v. United States, 2008 WL 114468 at *7 (D. Me. Jan. 1, 2008) (amendment 706 becomes retroactive on March 3, 2008 "meaning, that as of that date, impacted defendants serving eligible sentences may be able to move for a sentence reduction pursuant to 18 U.S.C. § 3582(c)"). Indeed, the United States District Court for the Southern District of Illinois has stayed all Section 3582(c) motions based on Amendment 706 until March 3, 2008. See United States v. Wommack, 2008 WL 78782 at *1 (S.D. Ill. Jan. 7, 2008).[3]

Section 3582(c)(2) provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Id. The Court may act on this motion without the defendant's presence. U.S.S.G. § 1B1.10(a)(3) clearly states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." In addition, Fed. R. Crim. P. 43(b)(4) explicitly

---

[3]The Sentencing Commission imposed the delay in light of the enormous burdens that retroactive application of the crack cocaine amendments, in tens of thousands of cases, will impose on the courts, prison officials, probation officers, prosecutors, and others. The delayed implementation of retroactivity permits all officials to assure the orderly handling of these many cases and prisoners. Delayed implementation also allows for Congressional review of the Commission's decision and Congress may choose to reject or alter the Commission's decision.

provides that a defendant "need not be present" when the proceeding involves a reduction of sentence under 18 U.S.C. § 3582(c). Likewise, given the rules and considering the burdens imposed on producing prisoners incarcerated within the Bureau of Prisons, the federal courts of appeal to address this issue have uniformly held that a defendant has no constitutional or statutory right to be present in connection with a motion filed under Section 3582(c). See, e.g., Anderson v. United States, 241 Fed. Appx. 625, 629 (11th Cir. July 18, 2007) (unpublished) ("Under Federal Rule of Criminal Procedure 43(b)(4), a defendant's presence at a § 3582(c) sentence correction proceeding is not required") (emphasis in original); United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (same; hearing not required); United States v. Tidwell, 178 F.3d 946, 948-949 (7th Cir. 1999) (same, noting that "a proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution").

Although the defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic. This Court's discretion is set forth in Section 3582(c)(2) itself, which provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998);[4] see also

---

[4] In Vautier, the Eleventh Circuit held that the district court did not abuse its discretion in denying a Section 3582(c)(2) motion for reduction of sentence, upon considering the 3553(a) factors. The district court denied the motion, stating that "in light of this Court's expressed

United States v. Colon, 961 F.2d 41, 46 (2d Cir. 1992)(stating that district court, in the first instance, had to determine to what extent, if any, it has authority to apply retroactive amendment and whether it wishes to exercise its discretion to do so).

Similarly, section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." Id., comment. (n. 1(B)(I)); see also U.S.S.G. § 1B1.10, comment. (backgr'd) ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). All courts are in accord on this point. See United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993); United States v. Wales, 977 F.2d 1323, 1327-28 (9th Cir. 1992); United States v. Mueller, 27 F.3d 494, 497 n.5 (10th Cir. 1994).

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." Vautier, 144 F.3d at 760. First, Section 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time

---

concern of the defendant's demonstrated violence and factoring all of the other considerations that went into the establishment of this defendant's sentence, the same sentence would have been imposed under the current amended guidelines." Vautier, 144 F.3d at 759.

the defendant was sentenced . . . .

Id. In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact." Vautier, 144 F.3d at 760.

Then, in the second step, "in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." Id.[5] Subject to the limits set forth in Section 1B1.10(b), the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. Revised application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." Revised application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of

---

[5] The Eighth Circuit has also endorsed and explained at length this two-step procedure. United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc), citing United States v. Wyatt, 115 F.3d 606 (8th Cir. 1997). In United States v. Legree, 205 F.3d 724, 728 (4th Cir. 2000), however, the court stated that it disagreed with the need for or utility of the two-step method. The essence of its ruling was that the district court's proper consideration of the factors relevant to a Section 3582(c)(2) reduction of sentence, including consideration of the Section 3553(a) factors, may be presumed from the record. The court did not criticize the underlying proposition that a trial court in fact should consider the guideline range as affected only by the guideline amendment, and should then apply the Section 3553(a) factors in determining whether to reduce the sentence. See id.

imprisonment." The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in Section 1B1.10(b).

If this Court decides to reduce a defendant's sentence, the extent of the reduction is strictly limited. Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced. See 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u). The Commission, in turn, directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)." U.S.S.G. § 1B1.10(b)(2)(A). An application note adds: "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." U.S.S.G. § 1B1.10 comment. (n. 3).[6] Thus, the Court may not reduce

---

[6] Application note 3 provides an example of this rule:

> For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41 months; and (3) the amended guideline range determined under subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.

the sentence below the range provided by the amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served." U.S.S.G. § 1B1.10, comment. (n.3).

**<u>10-DAY STAY REQUESTED BY BUREAU OF PRISONS</u>**

Given the burden the Bureau of Prisons ("BOP") expects to face on and immediately after March 3, 2008, the BOP has requested a stay of ten days in situations where entry of an amended judgment would result in a sentence of time served and the immediate release of the offender. The BOP has requested this ten-day period to permit the BOP to comply with a number of statutorily imposed obligations near the time of an inmate's release. These obligations include notification to any victims and witnesses of the release of the offender, pursuant to 18 U.S.C. §3771, as well as notification of law enforcement officials and sex offender registration officials of the release of a violent offender or sex offender, pursuant to 18 U.S.C. §§4042(b) and (c). Additionally, the BOP is required to collect DNA samples from inmates pursuant to 42 U.S.C. §14135a. According to the BOP, without a ten-day stay the required notifications and/or collection of DNA would not occur until after the inmate has already been released.

Additionally, ten-day stay would enable BOP staff, Probation Officers, and inmates some time to conduct release planning and attempt to arrange suitable housing, whether it be in a Residential Reentry Center, community shelter, or otherwise.

**<u>CONCLUSION</u>**

It is respectfully requested that the court defer acting on the defendant's motion until March 3, 2008. At that time, assuming that the Sentencing Commission's decision as to the retroactivity of the November 1, 2007 amendment to the crack cocaine guideline stands, the government submits that, pursuant to 18 U.S.C. 3582(c), the Court may exercise its discretion to

lower the defendant's sentence from 54 months' incarceration to 45 months pursuant to the amendment. Because the defendant will have completed the modified term of incarceration as of March 3, 2008, effective date for the retroactive application of the November 1, 2007 amendments, the Court should simply amend the judgement to impose an incarceration term of time served. In light of the burdens the BOP will likely face immediately following March 3, 2008, the Court in its exercise of discretion may also impose a ten-day stay of the amended judgment.

                                          Respectfully submitted,

                                          KEVIN J. O'CONNOR
                                          UNITED STATES ATTORNEY

                                          ANASTASIA E. KING
                                          ASSISTANT UNITED STATES ATTORNEY
                                          Federal Bar No. 24192
                                          157 Church Street, Fl. 23
                                          New Haven, Connecticut 06510
                                          (203) 821-3700

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing noticeto be sent by first class mail, postage prepaid, to the following:

QUINTO MAPP
Prisoner No. 15271-014
CCM PHILADELPHIA
COMMUNITY CORRECTIONS OFFICE
2ND & CHESTNUT ST - 7TH FL
PHILADELPHIA, PA 19106

and

Steven J. Lambert
United States Probation Officer
United States Probation Office
450 Main Street
Hartford, CT 06106

_____
ANASTASIA E. KING
ASSISTANT UNITED STATES ATTORNEY